ERIC D. RIDLEY    [SBN 273702]
Law Offices of Eric Ridley
567 W. Channel Islands Blvd., Ste. 210
Port Hueneme, CA 93041
805-244-5291 voice
888-953-3884 fax
ridley.eric@gmail.com

Attorney for Plaintiff
GREGORY SCOTT

# United States District Court
# Central District Of California
# Western Division

GREGORY SCOTT, an individual;

                                      Plaintiff,

        v.

COMENITY BANK a Delaware Corporation;
JEFFERSON CAPITAL SYSTEMS, LLC, a
Georgia Limited Liability Company; DOES 1-
10;

                                      Defendants.

Case No.:

COMPLAINT FOR DAMAGES:

1.  Unlawful Collection Practices (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq))

2.  Unlawful Collection Practices (California Rosenthal Fair Debt Collection Practices Act: Cal. Civ. Code §§1788 et seq)

3.  Unfair and Deceptive Acts & Practices (Cal. Code Civ. Pro. §17200 et seq)

4.  Fair Credit Reporting Act (15 U.S.C. §1681 et seq)

5.  Defamation

Judge:
Department:
Trial Date:

Plaintiff, GREGORY SCOTT, alleges as follows:

## INTRODUCTION

1.  The violations giving rise to this complaint arise from Defendant COMENITY BANK ("COMENITY"), and Defendant JEFFERSON CAPITAL SYSTEMS, LLC's

("JEFFERSON") failure to investigate credit reporting errors, and subsequent and ongoing efforts to collect a non-existent debt

2. The Federal and California legislatures have determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislatures have further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights, and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. GREGORY SCOTT (hereinafter "Plaintiff"), by Plaintiff's attorney, bring this action to challenge the actions of COMENITY, JEFFERSON, & DOES 1-10, (hereinafter collectively, "Defendants"), with regard to attempts by Defendants, a debt collector, to unlawfully and abusively collect an debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1367 & the California Consumer Credit Reporting Agencies Act (CC §§1785.1–1785.36) for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, U.S.C. 15 § 1692, et seq, ("FDCPA"), Rosenthal Fair Debt Collection Practices Act, and the California Civil Code §§ 1788-1788.32 (RFDCPA), Fair Credit

Reporting Act, 15 U.S.C. §1681(p) (FCRA), & the California Consumer Credit Reporting Agencies Act (CC §§1785.1–1785.36).

7.   The FDCPA was created because, *"There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."* 15 U.S.C. § 1692.

8.   The purpose of the FDCPA is, *"to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."* 15 U.S.C. § 1692.

9.   The RFDCPA was enacted by the California Legislature, *"to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts."* Cal. Civ. Code § 1788.1(b)

10.   Penalties provided for under RFDCPA *"are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."* Cal. Civ. Code § 1788.32

11.   RFDCPA, at § 1788.17, holds that a violation of the FDCPA is also a violation of the RFDCPA.

12.   RFDCPA, at 1788.17, holds that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

13.   Defendants violated § 1788.17 of the RFDCPA by repeatedly failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

14. The FCRA was enacted by Congress because, "*There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy* (15 U.S.C. §1681(a)(4))."

15. Defendants, and each of them, violated 15 U.S.C. §1681(s)(2) by failing to furnish accurate information to credit reporting agencies, by (without limitation) reporting information with actual knowledge of errors, by reporting information after notice and confirmation of errors, by failing to correct and update information, and by failing to provide notice of dispute.

16. Because Defendants, and each of them, conduct business within the State of California, and because Plaintiff's claims arise from acts of the Defendants perpetrated therein, personal jurisdiction is established.

17. Venue is proper pursuant to 28 U.S.C. § 1391, and because Defendants, and each of them, conduct business within the State of California, and because Plaintiff's claims arise from acts of the Defendants perpetrated therein.

## **PRELIMINARY STATEMENT**

18. Plaintiff is a natural person and is a resident and citizen of Los Angeles County, the State of California and of the United States. Plaintiff is a "consumer" as defined by sections 1681a(c) of the FCRA, is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and 15 U.S.C. §1692(a)(3).

20. Plaintiff is informed and believes, and thereon alleges, that Defendant COMENITY is a company operating in Delaware, and which is *not* registered with the California Secretary of State as a foreign corporation, operating under and subject to the jurisdiction of the

State of California.

21. Plaintiff is informed and believes, and thereon alleges, that Defendant COMENITY regularly conducts business in California and is therefore subject to jurisdiction under Cal. Civ. Code §410.0 et seq.

22. Plaintiff is informed and believes, and thereon alleges, that Defendant JEFFERSON is a company operating in Georgia, and which is registered with the California Secretary of State as a foreign corporation, operating under and subject to the jurisdiction of the State of California.

23. Plaintiff is informed and believes, and thereon allege, that Defendants, and each of them, are persons who use an instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

24. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, are not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

25. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, and/or employee of each of the other Defendants and was at all times herein mentioned acting within the scope of said agency and/or employment.

26. Plaintiff Is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, acted through its agents, employees, officers, members,

directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and /or insurers.

27. The true names and capacities of the defendants, DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.

28. This litigation involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

29. Defendants, and each of them, are furnishers of information as contemplated by FCRA §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

30. Plaintiff has had a revolving account open with COMENITY since prior to 2013, branded as a J. CREW account, numbered with an account number ending in 5860 (the "ACCOUNT").

31. During 2013, Defendant COMENITY permitted or ratified a number of fraudulent transactions to occur on the ACCOUNT.

32. None of these transactions were created or ratified by Plaintiff, and Plaintiff had no

knowledge of these transactions.

33. During 2013, Defendant COMENITY also permitted a number of fraudulent payments to post to the ACCOUNT.

34. None of these payments were paid, created or ratified by Plaintiff.

35. The ACCOUNT had a credit limit of $1,300.

36. Due to the acts, negligence, and/or omissions of Defendant COMENITY, the balance on the account was permitted to increase to an amount in excess of $8,500, and entered default status.

37. Neither COMENITY nor JEFFERSON ever sent notice of the credit line increase to Plaintiff.

38. At some point, Defendant COMENITY assigned the ACCOUNT to Defendant JEFFERSON to collect.

39. Defendants, and each of them, made negative tradeline entries to Plaintiff's files with Experian, TransUnion, and Equifax credit reporting agencies ("CRA's").

40. These negative entries were incorrect.

41. Plaintiff has been damaged by the acts and omissions of Defendants, and each of them.

42. Defendants, and each of them,

43. Plaintiff made numerous attempts to inform Defendants, and each of them, about these fraudulent transactions.

44. Plaintiff made numerous attempts to validate the alleged debt with each of the CRA's.

45. In spite of Plaintiff's attempts to validate this fraudulent debt and to inform Defendants of the fraud, Defendants refused to correct Plaintiff's tradelines.

46. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the defendants.

47. Defendants, and each of them, have willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b); defamed plaintiff by publishing to third parties information regarding Plaintiff's creditworthiness; invaded the privacy of plaintiff; committed unfair and deceptive acts against plaintiff in the course if its business in violation of the Unfair and Deceptive Practices Act, CCP §17200 et seq; and failed its duty to prevent foreseeable injury to plaintiff.

48. Defendants, and each of them, have defamed Plaintiff.

49. Defendants, and each of them, have published false and defamatory information about Plaintiff to third parties.

50. As a result of the derogatory information reported by Defendants, and each of them, Plaintiff abstained from applying for credit, had adverse action taken on existing credit accounts and was denied credit, or was charged higher rates for credit transactions. Plaintiff has sustained actual damages including emotional distress and pecuniary loss.

51. At all times relevant, Plaintiff was an individual residing within the State of California.

52. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants, and each of them, conducted business in the State of California.

53. At some unknown point, COMENITY sold this alleged debt to JEFFERSON.

54. In June, 2013, Plaintiff completed and returned an Affidavit of Fraud to COMENITY.

55. In March 2014, Plaintiff mailed, via Certified Mail, a notice to all three CRA's requesting validation of this alleged debt.

56. Defendant COMENITY replied with a "validation" which was unsubstantiated, and which ignored the fact that these transactions were fraudulent.

57. Defendants continue to report this alleged and incorrect debt on Plaintiff's credit reports.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA), 15 U.S.C. § 1692 ET SEQ.

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Defendants' fraudulent, abusive and deceptive reporting of an invalid debt was, and is, in violation of 15 U.S.C. §1692(d), (e), (e)(2), (e)(10), (f), (f)(1), and/or other sections and/or subsections of FDCPA.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

61. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff has

suffered financial, psychological and emotional damage and distress, in an amount subject to proof at trial.

62. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT II**

VIOLATION OF THE ROSENTHAL

FAIR DEBT COLLECTION PRACTICES ACT

§§ 1788-1788.32 (RFDCPA)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

65. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

**COUNT  III**

VIOLATION OF THE CALIFORNIA

BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the UCL and these violations constitute unfair business practices and offend public policy and are substantially injurious to Plaintiff and other consumers.

68. The foregoing acts and omissions of Defendant have no utility that outweighs their substantial harm.

69. The foregoing acts and omissions of Defendant present a continuing threat to members of the general public in that Defendant is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

70. Pursuant to the California Business and Professions Code §§ 17203, Plaintiff seeks an order enjoining Defendant from engaging in such acts and practices as hereinabove alleged, and ordering that Defendant disgorge all ill-gotten gains and provide appropriate restitution to Plaintiff and members of the general public.

71. Plaintiff seeks recovery of attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to the California Code of Civil Procedure § 1021.1.

## **COUNT IV**
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681 et seq

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. All of the violations of Defendants, and all of them, were willful.

74. In the alternative, all of the violations of Defendants, and all of them, were the result of negligence on the part of Defendants, who owed a duty of care to Plaintiff.

75. In the entire course of its action, Defendants, and each of them, willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports; by willfully and/or negligently failing to comport with FCRA section 1681s-2; defaming plaintiff by publishing to third parties false information regarding his creditworthiness; invading the privacy of plaintiff; and by failing in its duty to prevent foreseeable injury to plaintiff.

## COUNT V

### DEFAMATION

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Defendants published unprivileged false statements of fact about Plaintiff, which had and have a natural tendency to cause injury, and which did, in fact, cause injury to Plaintiff.

78. Defendants owed Plaintiff a duty of reasonable care.

79. Defendant's conduct in publishing these false statements was negligent.

80. Defendant's conduct was outrageous.

81. Plaintiff is not a public figure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

## FAIR DEBT COLLECTION PRACTICES ACT

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendants;
2. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k, from Defendants;
3. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants;
4. That all awards be joint and several; and
5. Any and all further relief as the Court may deem just and proper.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

1. An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;
2. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. 1692(k), from Defendants;
3. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants;
4. That all awards be joint and several; and
5. Any other and further relief as the Court may deem just and proper.

## CALIFORNIA BUSINESS & PROFESSIONS CODE

1. An award of actual damages from Defendants;
2. Injunctive relief, restitution, and/or disgorgement of ill-gotten gains;
3. Pre-judgment interest to the extent permitted by law;
4. That all awards be joint and several

5. An award of costs of litigation and reasonable attorney's fees, pursuant to California Code of Civil Procedure § 1021.1, from Defendants; and

6. Any other and further relief as the Court may deem just and proper.

### FAIR CREDIT REPORTING ACT

1. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), from Defendants;

2. Punitive damages, pursuant to 15 U.S.C. § 1681(n)(a)(2), from Defendants;

3. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3), from Defendants;

4. That all awards be joint and several; and

5. Any other and further relief as the Court may deem just and proper.

### DEFAMATION

1. An award of general damages, in an amount to be proven at trial, but in excess of $75,000, from Defendants;

2. An award of special damages, in an amount to be proven at trial, but in excess of $75,000, from Defendants;

3. Punitive damages, from Defendants;

4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3), from Defendants;

5. That all awards be joint and several; and

6. Any other and further relief as the Court may deem just and proper.

///

///

///

///

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

DATED: June 26, 2015                          THE LAW OFFICES OF ERIC RIDLEY

_____

**Eric Ridley**
Attorney for Plaintiff,
GREGORY SCOTT